UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHAD PARRIS,<br><br>                Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. C14-1305-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Chad Parris seeks review of the denial of his Supplemental Security Income application. Mr. Parris contends the ALJ erred by improperly rejecting the medical opinion of Dr. Mark Heilbrunn, erroneously rejecting his testimony, and failing to meet the step five burden. Dkt. 15. As discussed below, the Court recommends **REVERSING** the Commissioner's final decision and **REMANDING** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Mr. Parris is currently 56 years old, has a high school diploma, and has worked as a janitor and auto parts clerk. Tr. 580, 20. He applied only for Supplemental Security Income, with an amended onset date of September 26, 2011. Tr. 12, 568. His application was denied

REPORT AND RECOMMENDATION - 1

initially, on reconsideration, and an ALJ found him not disabled. Tr. 90, 103, 20. As the Appeals Council denied Mr. Parris' request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-5.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ determined that Mr. Parris had not engaged in substantial gainful employment since 2004, far earlier than his benefits application date. Tr. 12. At steps two and three, the ALJ found that Mr. Parris has the severe impairments of lumbar spine degenerative disc disease, lumbar spondylosis, obesity, affective disorder, and personality disorder, but none of these impairments meet or equal the requirements of a listed impairment.[2] Considering these impairments, Mr. Parris has the Residual Functional Capacity ("RFC") to perform light work. Tr. 15. He can understand, remember, and carry-out the simple instructions of jobs classified as unskilled or SVP 1 and SVP 2. He can make judgments on simple, work-related decisions, respond appropriately to supervision and co-workers, and deal with changes in a stable work environment. He can have occasional interaction with the general public. Tr. 15. At step four, this RFC precludes Mr. Parris from performing his past relevant work as a janitor or auto parts clerk. Tr. 19. However, a Vocational Expert testified that Mr. Parris could perform the jobs of housekeeping cleaner and small parts assembler which exist in significant numbers in the national economy. Tr. 20. Accordingly, the ALJ determined at step five that Mr. Parris is not disabled. Tr. 21.

## DISCUSSION

**I.    Medical Opinion**

Mark Heilbrunn, M.D. provided a disability evaluation concerning Mr. Parris' physical

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

limitations in January 2011.  Tr.  287-293.  When uncontradicted, the ALJ may only reject an examining doctor's opinion for "clear and convincing reasons."  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).  Rejection of an examining medical source that is contradicted by another doctor requires specific and legitimate reasons that are supported by substantial evidence in the record.  *Id*. at 831.

After conducting his examination, Dr. Heilbrunn noted that Mr. Parris "manifests postural range of motion limitations of his hips and lumbar back," and opined that he "could be expected to sit for at least 20-25 minutes uninterrupted . . . and has a maximum sitting capacity of 5 to 6 out of 8 hour, with periods for postural repositioning."  Tr.  292.  Additionally, "he could be expected to stand/walk for at least 20 minutes uninterrupted, as manifested in the examination room/clinic, and has a maximum standing/walking capacity of 3-5 out of 8 hours."  Tr.  292.  Dr. Heilbrunn also limited Mr. Parris to lifting/carrying 5-8 pounds, because "[l]ifting 10 pounds caused increased lumbar pain and he was unable to carry this out for more than a few minutes."  Tr.  292.  Dr. Heilbrunn concluded that Mr. Parris could function in a sedentary capacity, and "[h]e would be able to function in a standing/walking position, without lifting heavy weights and for a short period of time, for a total of approximately 3-4 out of 8 hours, with periods for postural repositioning."  Tr.  293.

The ALJ gave little weight to Dr. Heilbrunn's opinion that Mr. Parris has a less than sedentary residual functional capacity, instead finding that Mr. Parris was capable of light work.  As grounds the ALJ found that Dr. Heilbrunn's assessment conflicts with the doctor's objective findings and Mr. Parris' activities of daily living.  Tr.  19.  Mr. Parris alleges the ALJ incorrectly assessed and interpreted the medical evidence and his ability to perform daily activities.

The ALJ found that a 2008 MRI showed "multi-level disc and facet disease resulting in

canal and neural foraminal narrowing," but concluded this was "not significant." Tr. 19. "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999). To support the conclusion, the ALJ points to the lack of nerve root impingement and the January 2011 physical examination. Tr. 19. Specifically, the ALJ notes the normal range of motion, strength, and movement demonstrated during the exam. Tr. 19. Dr. Heilbrunn observed moderate lumbar lordosis and tenderness, but normal station and gate. Tr. 290. Mr. Parris "was able to complete all ranges of motion within his ability and mount/dismount the examination table without assistance. He was able to hop down from the examination table without the use of a step stool." Tr. 289. Mr. Parris could stoop almost to the floor and "effect a partial crouch, kneel, and crawl." Tr. 289. His lower extremities had good range of motion, normal motor strength, and normal muscle bulk and tone. Tr. 291. The ALJ concluded that these largely normal medical findings show that Mr. Parris' disc disease is "not significant," and inconsistent with Dr. Heilbrunn's opinions about the severity of Mr. Parris' limitations. Tr. 292.

However, the ALJ failed to note one particular finding based on objective testing performed during the examination. In his report, Dr. Heilbrunn states, "[t]he claimant is able to lift/carry, as measured in the examination, 5-8 pounds with either hand on a frequent basis. Lifting 10 pounds caused increased lumbar pain and he was unable to carry this out for more than a few minutes." Tr. 292. This objectively demonstrated inability to lift/carry 10 pounds is inconsistent with the statutory definition of "light work." "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). Accordingly, the ALJ erred in finding that Dr. Heilbrunn's opinion about Mr. Parris' ability to lift or carry objects is inconsistent with the doctor's "objective

1 findings."

2      The ALJ also erred in finding that Mr. Parris' daily activities—preparing meals, cleaning
3 and laundry, household repairs, and being able to walk a mile before needing rest—are
4 inconsistent with Dr. Heilbrunn's opinions.  Dr. Heilbrunn opined Mr. Parris could stand or walk
5 20 minutes uninterrupted, a finding that is consistent with Mr. Parris' ability to walk a mile.  Tr.
6 292, 212.  Dr. Heilbrunn also opined that Mr. Parris had normal range of motion and strength, an
7 opinion consistent with Mr. Parris' ability to do household chores.  Tr.  291.  And finally, Dr.
8 Heilbrunn opined that Mr. Parris could lift 5-8 pounds frequently, an opinion that is consistent
9 with the household chores Mr. Parris described.  Tr.  207-10.  Accordingly, substantial evidence
10 does not support the ALJ's finding that Mr. Parris' daily activities conflict with Dr. Heilbrunn's
11 opinion.

12      Mr. Parris argues the ALJ's erroneous assessment of Dr. Heilbrunn's opinions calls for a
13 remand with an award of benefits.  Dkt. 17 at 7.  The Court has the discretion to remand for an
14 award of benefits or further proceedings.  *Marcia v. Sullivan*, 900 F.3d 172, 176 (9th Cir. 1990).
15 Here a remand for further proceedings is appropriate.  Even if credited as true, it is not clear that
16 a fact finder would be required to conclude that Mr. Parris is disabled.  This is because neither
17 the ALJ nor a vocational expert considered the impact of the limitations Dr. Heilbrunn found on
18 Mr. Parris' ability to work.  It may be that even with the limitations found, there are less than
19 light jobs that Mr. Parris could perform.  But, without further evaluation and vocational expert
20 testimony, the Court could only speculate as to whether this would be the case.  Accordingly,
21 because further administrative proceedings would serve a useful purpose, the case should be
22 remanded for additional proceedings.  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.
23

REPORT AND RECOMMENDATION - 5

2002).[3]

## II. Mr. Parris' Testimony

The ALJ conducts a two step analysis when assessing the credibility of testimony about symptoms and subjective pain. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-6 (9th Cir. 2007). The ALJ must first determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. at 1036 (internal quotation and citation omitted).  Then, unless there is affirmative evidence showing that the claimant is malingering, the ALJ must have clear and convincing reasons for rejecting the evidence. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  Here, the ALJ noted that the objective evidence does not support Mr. Parris' allegations.  Tr.  16.  "Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Id*.  While, the ALJ properly cited lack of objective evidence to undermine Dr. Heilbrunn's medical opinion, rejection of Mr. Parris' testimony requires additional clear and convincing reasons.

The ALJ gave at least one valid reason to discount Mr. Parris' testimony: that Mr. Parris' activities of daily living conflicted with his alleged level of disability.  The ALJ noted Mr. Parris can walk a mile before requiring a break, rides his bicycle quite frequently, and was able to volunteer for a period of time, cleaning tables and helping during meals. Tr.  17, 210, 212.  In addition to these inconsistencies as to his physical limitations, the ALJ found discrepancies in Mr. Parris' testimony concerning his depression and anxiety.  Tr.  17.  Despite his allegedly high level of anxiety and depression and his tendency to "freeze up," Mr. Parris goes outside daily,

---

[3] Because the case should be remanded to re-evaluate Dr. Heilbrunn's opinion and Mr. Parris' RFC, the Court need not address, at this point, Mr. Parris' argument that the ALJ erred at step five.

1  attends AA meetings, uses public transportation, shops on his own, and helps the elderly in his
2  building by fixing their walkers and changing batteries. Tr. 17, 207-210, 576, 578.
3        Mr. Parris contends that the ALJ misinterpreted the extent to which he can perform these
4  various activities. However, even if Mr. Parris' view of the evidence is reasonable, the Court
5  may not second guess the ALJ's interpretation where, as here, it is also reasonable and based on
6  substantial evidence in the record. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The
7  Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.
8  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Accordingly, the Court recommends
9  affirming the ALJ's credibility determination.[4]

## CONCLUSION

11       For the foregoing reasons, the Court recommends **REVERSING** and **REMANDING** the
12 Commissioner's final decision for further proceedings under sentence four of 42 U.S.C. §
13 405(g). On remand, the ALJ should reconsider Dr. Heilbrunn's opinion concerning Mr. Parris'
14 ability to lift/carry, develop the record as necessary, reassess the RFC as appropriate, and
15 conduct a new step-five analysis as needed.
16       A proposed order accompanies this Report and Recommendation. Objections, if any, to
17 this Report and Recommendation must be filed and served no later than **February, 17, 2015.** If
18 no objections are filed, the matter will be ready for the Court's consideration on **February 20,**
19 **2105**. If objections are filed, any response is due within 14 days after being served with the
20 objections. A party filing an objection must note the matter for the Court's consideration 14
21 days from the date the objection is filed and served. Objections and responses shall not exceed

---

[4] Because the ALJ gave a valid reason to discount Mr. Parris' credibility, the Court need not address the other reasons articulated by the ALJ to support finding Mr. Parris less than fully credible. *Carmickle v. Commr. of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). (including an erroneous reason among other valid reasons to discount a claimant's credibility does not negate the ALJ's determination and is, at most, harmless error).

REPORT AND RECOMMENDATION - 7

1  ten pages.  The failure to timely object may affect the right to appeal.

2       DATED this 3rd day of February, 2015.

                                                                                                     _____
                                                                                                     BRIAN A. TSUCHIDA
                                                                                                     United States Magistrate Judge

REPORT AND RECOMMENDATION - 8